IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-03014-PAB-STV

JUSTIN RUEB,

    Plaintiff,

v.

MOSES ANDRE STANCIL,
DEAN WILLIAMS,
MARK FAIRBAIRN,

    Defendants.

## DEFENDANTS' MOTION TO STAY DISCOVERY

Defendants Moses Andre Stancil, Dean Williams, and Mark Fairbairn, by and through their undersigned counsel, respectfully move this Court to stay discovery pending resolution of their motion to dismiss this action for lack of subject-matter jurisdiction and failure to state a claim, and to vacate the scheduling conference set for May 21, 2025. In support, Defendants state as follows:

### STATEMENT REGARDING CONFERRAL

Pursuant to D.C.COLO.LCivR 7.1(b), undersigned counsel is not required to confer with Plaintiff because he is a *pro se* prisoner.

### NATURE OF THE CASE

Plaintiff Justin Rueb is a *pro se* inmate in the custody of the Colorado Department of Corrections ("CDOC"). Rueb filed the instant action pursuant to 42

U.S.C. § 1983, alleging that the Defendants adopted and enforced policies that led to an unconstitutional taking of Rueb's property without just compensation. ECF No. 9.

On May 5, 2025, Defendants filed their Motion to Dismiss Rueb's Amended Complaint in its entirety. ECF No. 24. Defendants explained that Rueb's official capacity claims were barred by the Eleventh Amendment; that the Amended Complaint had failed to plausibly allege any constitutional violation; and that the individual-capacity Defendants were therefore entitled to the defense of qualified immunity. *Id*.

The Court has set a scheduling conference to take place on May 21, 2025. *See* ECF No. 22. Defendants now respectfully move to stay all discovery and vacate the scheduling conference pending resolution of their Motion to Dismiss.

## ARGUMENT

**I.      A stay is appropriate in light of the official capacity Defendants' Eleventh Amendment immunity.**

As explained in the Motion to Dismiss, Rueb's official capacity claims against Defendants Stancil and Fairbairn are barred by Eleventh Amendment immunity. ECF No. 24 at 5-6. "The very object and purpose of the 11th Amendment were to prevent the indignity of subjecting a State to the coercive process of judicial tribunals at the instance of private parties." *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993) (quotations omitted). Therefore, "Eleventh Amendment immunity entitles a state not only to protection from liability, but also from suit, including the burden of discovery, as a party, within the suit." *Univ. of Texas at Austin v. Vratil*, 96 F.3d 1337, 1340 (10th Cir. 1996). Merely requiring discovery in a matter where a defendant is entitled to sovereign immunity deprives the defendant of the "full

2

enjoyment" of its Eleventh Amendment protection, which is "lost once the [state] is compelled to endure the burdens of litigation." *Kiowa Indian Tribe of Okla. v. Hoover*, 150 F.3d 1163, 1172 (10th Cir. 1998). As a result, "[e]ngaging in discovery on the merits is not necessary, nor is it proper, prior to a ruling on Eleventh Amendment immunity." *Jones v. Tyson Foods, Inc.*, 971 F. Supp. 2d 671, 677 (N.D. Miss. 2013).

Courts in this district routinely stay discovery pending resolution of Eleventh Amendment immunity issues. *See, e.g., Strom v. Weiser*, No. 20-cv-3417-KLM, 2021 WL 5561724 (D. Colo. Feb. 18, 2021); *Smith v. Colo. ex rel. Polis*, No. 20-cv-3107-RM-KLM, 2021 WL 168442 (D. Colo. Jan. 19, 2021); *Archuleta v. Archuleta*, No. 15- cv-02664-MSK-KMT, 2016 WL 1321599 (D. Colo. Apr. 5, 2016); *Benton v. Town of S. Fork*, No. 12-cv-00336-CMA-KMT, 2012 WL 4097715 (D. Colo. Sept. 18, 2012); *Norris v. Buena Vista Corr. Complex*, No. 12-cv-00924-DME-KMT, 2012 WL 3420925 (D. Colo. Aug. 15, 2012); *Taylor v. Colo. Dep't of Health Care Policy & Fin'g*, No. 12-cv-00300-PAB-KMT, 2012 WL 1657862 (D. Colo. May 11, 2012)*; Havens v. Johnson*, No. 09-cv-01380-MSK-MEH, 2012 WL 95265 (D. Colo. Jan. 12, 2012). Because a stay of discovery is necessary to give full effect to Colorado's sovereign immunity, this Court should stay discovery until it resolves Defendants Stancil and Fairbairn's Eleventh Amendment immunity defense.

**II.     The Court should also stay discovery until Defendants Williams and Fairbairn's qualified immunity defense is resolved.**

As government officials who are being sued for damages in their individual capacities, Defendants Williams and Fairbairn are entitled to raise (and did raise) the

3

defense of qualified immunity. Qualified immunity "is both a defense to liability and a limited 'entitlement not to stand trial or face the other burdens of litigation.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 672 (2009) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). Essentially, it provides "immunity from suit rather than a mere defense to liability." *See Siegert v. Gilley*, 500 U.S. 226, 232-33 (1990); *see also Sawyer v. County of Creek*, 908 F.2d 663, 665 (10th Cir. 1990), *overruled on other grounds by Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163 (1993).

The Supreme Court and the Tenth Circuit have recognized that when a defense of qualified immunity has been raised, discovery should not be allowed until the question of immunity is resolved. *See Siegert*, 500 U.S. at 231; *Sawyer*, 908 F.2d at 665; *Bella v. Chamberlain*, 24 F.3d 1251, 1259 n.10 (10th Cir. 1994) (noting that qualified immunity shields a defendant from the burdens of discovery). Indeed, the Supreme Court has recognized that preventing discovery "is especially important in suits where Government-official defendants are entitled to assert the defense of qualified immunity. The basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including 'avoidance of disruptive discovery.'" *Iqbal*, 556 U.S. at 685 (quoting *Siegert*, 500 U.S. at 236); *see also Behrens v. Pelletier*, 516 U.S. 299, 308 (1996) ("the [immunity] defense is meant to give government officials a right, not merely to avoid standing trial, but also to avoid the burdens of such pretrial matters as discovery" (quotation marks omitted)). This Court should therefore stay discovery until it resolves Williams and Fairbairn's qualified immunity defenses raised in their Motion to Dismiss.

### III.   This Court should also stay discovery as an exercise of the Court's discretion.

This Court should also exercise its discretion to stay discovery based on the circumstances of this case. Staying discovery is a proper exercise of the Court's discretion. *See, e.g.*, *Rodriguez v. IBP, Inc.*, 243 F.3d 1221, 1230 (10th Cir. 2001) (the power to stay discovery lies within the sound discretion of the Court) (citing *Martinez v. Shock Transfer & Warehouse Co.*, 789 F.2d 848, 850 (10th Cir. 1986)). A stay of discovery is especially appropriate where, as here, "resolution of a preliminary motion may dispose of the entire action." *Eggert v. Chaffee Cty., Colo.*, No. 10-cv-01320-CMA-KMT, 2010 WL 3359613, at *2 (D. Colo. Aug. 25, 2010) (citations omitted).

This Court generally considers five factors in determining whether to exercise its broad discretion to stay discovery. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955, *1 (D. Colo. Mar. 30, 2006). Those factors are: "(1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Id*.

The *String Cheese* factors weigh strongly in favor of a stay. As to the first factor, although Rueb likely has an interest in proceeding expeditiously, there is nothing in his Amended Complaint to suggest he would be prejudiced by a short delay that may result if this Court stays discovery until it rules on Defendants' Motion to Dismiss. The alleged seizure of his property occurred in 2023, and there is no apparent reason why his ability to conduct discovery would be affected by a brief delay.

5

Conversely, on the second factor, Defendants will be harmed if this Court allows discovery to proceed while the Motion to Dismiss is pending. They would expend time, energy, and taxpayer money on discovery in a matter which they maintain should not proceed beyond the pleading stage. Additionally, even if the first factor favored Rueb, it would be "outweighed by the burden on Defendants if they were forced to proceed with discovery in spite of well-established precedent supporting a stay of discovery and other proceedings when a[n] immunity defense has been raised." *Taylor*, 2012 WL 1657862, at *3.

As to the third factor, a stay of discovery will also promote judicial economy by avoiding potential discovery disputes for a matter that may ultimately be dismissed on the pleadings in whole or in part. "Judicial resources would best be conserved by imposing a stay until the jurisdictional challenge is resolved." *Strom*, 2021 WL 5561724, at *3.

Finally, on the last two factors, the interests of non-parties and the public in general will not be compromised if discovery is deferred until this Court determines whether Rueb has plausibly pleaded claims for relief, since there is no indication that this matter is of concern to any non-parties or to the public. Given these circumstances, a stay of discovery and all related deadlines is appropriate.

## CONCLUSION

For these reasons, Defendants respectfully move the Court to stay discovery and all discovery-related case deadlines, including vacating the May 21, 2025, scheduling conference and associated deadlines, pending resolution of their Motion to Dismiss.

Respectfully submitted on this 14th day of May, 2025.

PHILIP J. WEISER
Attorney General

*s/ Evan P. Brennan*
EVAN P. BRENNAN* 49887
RACHEL M. LIEB *57226
Assistant Attorneys General
Civil Litigation & Employment Section
Colorado Department of Law
1300 Broadway, 10th Floor
Denver, Colorado 80203
Telephone: 720-508-616, -6648
E-Mail: Evan.Brennan@coag.gov
           Rachel.lieb@coag.gov
*Attorneys for Defendants Moses "Andre"*
  *Stancil, Mark Fairbairn, and Dean Williams*
*Counsel of Record

7

CERTIFICATE OF SERVICE

This is to certify that I have duly served the foregoing MOTION TO STAY DISCOVERY upon all parties herein by e-filing with the CM/ECF system maintained by the court, this 14th day of May 2025 and by depositing same in the United States mail, postage prepaid, at Denver, Colorado, this 15th day of May 2025, addressed as follows:

Justin Rueb #94567
Arkansas Valley Correctional Facility
12750 Highway 96 at Lane 13
Ordway, CO 81034
PRO SE

**Courtesy Copy Emailed:**
Anthony DeCesaro, CDOC

s/ *Brittany Vigil*
Paralegal