IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 24-cv-03014-PAB-STV

JUSTIN RUEB,

    Plaintiff,

v.

MOSES ANDRE STANCIL,
DEAN WILLIAMS, and
MARK FAIRBAIRN,

    Defendants.

---

**ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION**

---

This matter is before the Court on the Recommendation of United States Magistrate Judge [Docket No. 45]. The Recommendation states that objections to the Recommendation must be filed within fourteen days after its service on the parties. Docket No. 45 at 17 n.12; *see also* 28 U.S.C. § 636(b)(1)(C). The Recommendation was served on November 6, 2025. No party has objected to the Recommendation.

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In this matter, the Court has reviewed the Recommendation

to satisfy itself that there is "no clear error on the face of the record."[1]  Fed. R. Civ. P. 72(b), Advisory Committee Notes.  Based on this review, the Court has concluded that the Recommendation is a correct application of the facts and the law.  Accordingly, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 45] is **ACCEPTED**.  It is further

**ORDERED** that defendants Motion to Dismiss Amended Complaint [Docket No. 24] is **GRANTED**.  It is further

**ORDERED** that the 42 U.S.C. § 1983 claims against defendants Moses Andre Stancil and Mark Fairbairn, in their official capacities, are **DISMISSED without prejudice**.  It is further

**ORDERED** that the 42 U.S.C. § 1983 claims against defendant Dean Williams, in his individual capacity for monetary damages, are **DISMISSED with prejudice**.  It is further

**ORDERED** that the Court declines supplemental jurisdiction over plaintiff's state law claims and those claims are **DISMISSED without prejudice**.[2]  It is further

---

[1] This standard of review is something less than a "clearly erroneous" or "contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review.  Fed. R. Civ. P. 72(b).

[2] Under Colo. Rev. Stat. § 13-80-111(1), if claims are properly commenced within the statute of limitations and involuntarily dismissed because of lack of jurisdiction, the plaintiff "may commence a new action upon the same cause of action within ninety days after the termination of the original action or within the period otherwise allowed by this article, whichever is later."  *See also Artis v. D.C.*, 583 U.S. 71, 74-75 (2018) (holding that 28 U.S.C. § 1367(d) tolls the statute of limitations for state law claims asserted under § 1367(a) during the pendency of the federal litigation in which such claims are brought and for thirty days following involuntary dismissal of those claims on jurisdictional grounds).

**ORDERED** that this case is closed.

DATED December 3, 2025.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge